UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JARAD W. WILLIAMS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) 19-CV-1044 |
|  | ) |
| JOHN R. BALDWIN, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently being held at the Joliet Treatment Center, was granted leave to proceed *in forma pauperis*. The plaintiff filed his original complaint [1] on February 14, 2019, and the Court gave him leave to file an amended complaint [6] on April 16, 2019, after determining, during a merit review, that his Original Complaint failed to state a claim upon which relief could be granted.

The case is now before the court for a merit review of the plaintiff's claims contained within his proposed amended complaint. The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

1

The plaintiff is currently confined at the Joliet Treatment Center, but his allegations concern events that occurred while he was housed at the Pontiac Correctional Center. The plaintiff alleges in his proposed amended complaint that he was the subject of excessive force in violation of his Constitutional rights. In his Original Complaint, the plaintiff failed to identify a proper defendant who allegedly violated his Constitutional rights. In his proposed amended complaint, the plaintiff lists a number of individuals as defendants in the caption of his proposed amended complaint, but he only identifies one person in the body of his proposed amended complaint who (allegedly) took any actions that violated his rights: Andy Smith. According to his allegations, Defendant Smith pushed him while he was restrained which caused injury to the plaintiff.

Based upon these allegations, the Court will allow this case to proceed on an excessive force claim against Defendant Smith. The plaintiff's proposed amended complaint contains no factual allegations against any of the other listed defendants, and therefore, they are all dismissed.

The Court notes that there are potential problems with this case. *First*, the plaintiff alleges in one part of his complaint that Defendant Smith's assault occurred on February 28, 2016. In another part of his complaint, the plaintiff alleges that the assault occurred on January 4, 2017. Under either allegation, this case be barred by the applicable statute of limitations period, and Defendants should consider filing a motion to dismiss or a summary judgment motion on that issue depending upon when and if the ARB ever issued a final determination on any relevant grievance submitted by the plaintiff.

*Second*, the plaintiff alleges that his grievance date was February 28, 2018. Although he does not allege when he received a final determination on his grievance, it may be that the plaintiff failed to exhaust properly his administrative remedies based upon the timing of the filing of this complaint *vis-à-vis* the timing of the filing and resolution of any relevant grievance. This issue too may form the basis for a motion to dismiss or for a sooner-rather-than-later motion for summary judgment.

That being said, the Court will leave that determination to Defendant Smith because, for now, the plaintiff's proposed amended complaint states a claim against Smith upon which relief can be granted for using excessive or unconstitutional force against him.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Amended Complaint [7] under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment excessive force claim against Defendant Andy Smith. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on the defendant by mailing the defendant a waiver of service. The defendant has 60 days from the date the waiver is sent to file an answer. If the defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, the plaintiff may file a motion requesting the status of service. After the defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendant. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to the defendant's counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendant is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendant shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate all named Defendants other than Defendant Andy Smith.

12. The clerk is directed to effect service of process upon Defendant Andy Smith at the Pontiac Correctional Center pursuant to the Court's standard procedures.

Entered this 25th day of June, 2019

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE